IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      No. 5:16-cr-2905 RB

MICHAEL DALTON,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Rule 29 Motion for Judgment of Acquittal or in the Alternative Motion for New Trial. (Doc. 94.) The Government opposes this motion. (Doc. 95.) Having carefully considered the submissions of counsel, and relevant law, the Court will **deny** the motion.

## I.    Background

The Superseding Indictment charged Defendant with: (Count 1) Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(e); and (Count 2) Unlawful Controlled Substance User and Addict in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1). (Doc. 34.) Before trial, the parties stipulated that (1) Defendant was a convicted felon; (2) the firearms and ammunition had traveled in or affected interstate commerce; and (3) Defendant was an unlawful user of and addicted to methamphetamine. (Doc. 54-1.)

A jury trial was held on January 23–25, 2017. Defendant moved for judgment of acquittal at the close of the Government's case-in-chief and at the close of the evidence. (Doc. 82.) After two hours of deliberation, the jury convicted Defendant on both counts. (Doc. 86.)

In the current motion, Defendant renews his motion for judgment of acquittal and moves in the alternative for a new trial on the grounds that (1) the evidence was insufficient to sustain the convictions; (2) the Court erred in excluding the statement of Maria Nevarez; and (3) the Court erred in admitting evidence of the ammunition found in May 2016 at 1101 Kenlea Drive. (Doc. 94.)

## II.    Standard

Defendant relies on Rules 29 and 33 of the Federal Rule of Criminal Procedure in support of his motion. Rule 29 governs motions for judgment of acquittal and Rule 33 governs motions for new trial.

Rule 29(a) provides in relevant part: "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In considering a motion for judgment of acquittal, the standard is whether taking the evidence, both direct and circumstantial, together with the reasonable inferences to be drawn therefrom, in the light most favorable to the government, a rational finder of fact could reasonably have found the defendant guilty of the crimes charged beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In conducting this inquiry, the court may neither assess witness credibility nor weigh the evidence presented to the jury. *United States v. Delgado-Uribe*, 363 F.3d 1077, 1081 (10th Cir. 2004).

Rule 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Civ. P. 33(a). "A motion for a new trial is not regarded with favor and is only issued with great caution." *United States v. Herrera*, 481 F.3d 1266, 1269-70 (10th Cir. 2007) (citing *United States v. Trujillo*, 136 F.3d 1388, 1394 (10th Cir. 1998)). The decision whether to grant a motion for a new trial is committed to the sound discretion of the trial court. *United States v. Stevens*, 978 F.2d 565, 570 (10th Cir. 1992). Under Tenth Circuit precedent, sufficiency of the evidence challenges made under Rule 29 or Rule 33 motions are reviewed under the same standard. *Compare United States v. Vallo*, 238 F.3d 1242, 1246–48 (10th Cir. 2001) (applying the sufficiency of the evidence standard to the adjudication of a Rule 29 motion), and *United States v. Zabriskie*, 415 F.3d 1139, 1144 (10th Cir. 2005) (applying the sufficiency of the evidence standard to the denial of a Rule 33 motion).

## III.    Discussion

### A.  Sufficiency of the evidence

Defendant challenges the sufficiency of the evidence to sustain the verdict. "Sufficiency review essentially addresses whether 'the government's case was so lacking that it should not have even been submitted to the jury.'" *Musacchio v. United States*, 136 S.Ct. 709, 715 (2016) (quoting *Burks v. United States*, 437 U.S. 1, 16 (1978)). Thus, courts consider "only the 'legal' question 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson*, 443 U.S. at 319). This "limited review does not intrude on the jury's role 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Jackson*, 443 U.S. at 319).

The essential elements of the charged crimes are: (1) Defendant knowingly possessed a firearm and/or ammunition; (2) Defendant was convicted of a felony before he possessed the firearm for Count 1 and the Defendant was an unlawful user of and addicted to a controlled substance, thereby endangering the public morals, health, safety, and welfare and had lost the power of self- control with reference to his addiction for Count 2; and (3) before Defendant possessed the firearm and/or ammunition, the firearm and/or ammunition had moved at some time from one state to another.  (Doc. 84.) Because the parties stipulated to the second and third elements of the offenses, the only question for the jury to determine was whether Defendant knowingly possessed a firearm and/or ammunition. (*Id*.) Notably, Defendant indicates in his motion that there was no evidence of a conspiracy. (Doc. 94 at 2.) However, evidence of a conspiracy would not be germane as there was no conspiracy charge in this case.

Viewing the evidence in the light most favorable to the Government, the following facts support the jury's verdict on the crimes charged, namely, (Count 1) Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(e); and (Count 2) Unlawful Controlled Substance User and Addict in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1). (Doc. 34.)

On August 28, 2015, Roswell Police Department Officers responded to a domestic disturbance call concerning 1101 S. Kenlea Drive in Roswell, New Mexico. A neighbor had called 911 to report a fight between a man, who was later identified as Defendant, and a woman, who was subsequently identified as Maria Nevarez. On a recording of the 911 call, a male voice can be heard screaming in the background. During the fight, Defendant threatened Ms. Nevarez with a gun. After Ms. Nevarez left, Defendant went inside the home with a small child. A short time later the neighbor heard sounds consistent with gunshots inside the house.

4

The Roswell Police Department attempted to contact Defendant inside the house. More than an hour later, a SWAT team arrived on scene and assisted officers in convincing Defendant to emerge from the residence with his three-year-old son. Defendant admitted he had a verbal argument with his girlfriend Maria Nevarez, but he denied threatening her with a firearm. On the same day, Roswell Police Officers obtained and executed a search warrant for 1101 S. Kenlea Drive because Defendant was a convicted felon. (*Id.*) Law enforcement officers recovered several firearms and ammunition.

The Government presented evidence establishing that Defendant resided at 1101 S. Kenlea Drive. For instance, the Government presented evidence that on April 7, 2015, Officer Alberto Alba with the Roswell Police Department responded to 1101 S. Kenlea Drive in reference to a domestic dispute. When Officer Alba arrived at 1101 S. Kenlea Drive, Defendant was present but Ms. Nevarez had left. Officer Alba spoke to Defendant, who claimed he had been bathing his child. Additionally, the Government presented evidence that on April 24, 2015, someone who knew Defendant's social security number and date of birth applied online for a New Mexico State Identification Card for Defendant listing Defendant's address as 1101 S. Kenlea Drive. Moreover, evidence at trial showed that several months before August 28, 2015, Defendant introduced himself as a neighbor to the resident of 1100 S. Kenlea Drive.

Moreover, the Government presented evidence that on August 28, 2015, Defendant had a fight with Ms. Nevarez in front of 1101 S. Kenlea Drive. During the August 28, 2015 fight, Defendant threatened Ms. Nevarez with a gun and told her that if she did not get back inside of 1101 S. Kenlea Drive, he would put a gun to her head. When Ms. Nevarez refused to enter 1101 S. Kenlea Drive, Defendant went inside the home. The jury heard evidence that a short time after Defendant reentered the house, the neighbor heard gun shots.

The Government demonstrated that on May 1, 2016, during the execution of a search warrant, Defendant came out of the house at 1101 S. Kenlea Drive and claimed that he and Ms. Nevarez were the only two occupants of the home. The Government introduced evidence obtained during the execution of search warrants at 1101 S. Kenlea Drive. This evidence included a letter addressed to Defendant at 1101 S. Kenlea Drive, a debit card in Defendant's name, and a jail identification card with Defendant's picture. Officers testified that they found men's clothing inside a bedroom at 1101 S. Kenlea Drive and recovered three firearms from inside of the closet where some of the men's clothing was found. The Government presented photographs of numerous rounds of ammunition inside the same bedroom. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt. Accordingly, the evidence was sufficient to support the jury's determination that defendant knowingly possessed a firearm and/or ammunition.

### B.      Statement of Maria Nevarez

Defendant contends that the Court erred in excluding a statement Ms. Nevarez gave to Agent Lisa Brackeen. Defendant stated in the motion that the interview in question took place on June 8, 2016, and that he would submit copies of the audio recordings. The Court did not issue a pretrial ruling on a statement given on June 8, 2016. However, the Court did exclude a statement that Ms. Nevarez gave to Agent Lisa Brackeen on or about August 28, 2015. (Doc. 77.) Defendant has not submitted the recordings. Under these circumstances, the Court will presume that Defendant seeks reconsideration of the Court's decision to exclude the statement which was the subject of its earlier ruling.

On January 18, 2017, Defendant filed a Notice of Residual Hearsay Exception Under Federal Rule of Evidence 807 notifying the Government of his intent to offer a statement of Ms. Nevarez under Federal Rule of Evidence 807 if she were unavailable for trial. The Government objected to Defendant's Notice and moved to appoint counsel for Ms. Nevarez. The Court appointed counsel for Ms. Nevarez and she invoked her rights under the Fifth Amendment. As a result, Ms. Nevarez was unavailable to testify at trial.

Prior to trial, the Government asserted that the statement was not reliable because Ms. Nevarez was afraid of Defendant and the statement was inconsistent with Ms. Nevarez's earlier statement that there were no firearms in the house. Defendant claimed that the statement is reliable because Agent Brackeen threatened Ms. Nevarez during the interview and the statement is consistent with a statement given by Ms. Nevarez's daughter. On January 20, 2017, the Court ruled that the statement was inadmissible. (Doc. 77.)

Defendant has requested that the Court reconsider this ruling but has not advanced any argument in support of this request. The Court reaffirms its pretrial ruling that the statement is inadmissible. It bears underscoring that Rule 807 of the Federal Rules of Evidence, referred to as the residual hearsay exception, provides in relevant part:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Fed. R. Evid. 807.

The Tenth Circuit has explained that Rule 807 "should be used rarely and only in exceptional circumstances because to do otherwise would allow the exception to swallow the

hearsay rule." *United States v. Jackson*, 334 F. App'x. 900, at *9 (10th Cir. June 24, 2009) (citing *United States v. Tome*, 61 F.3d 1446, 1452 (10th Cir. 1995)). "Exceptional circumstances exist where the court is satisfied that the evidence offers guarantees of trustworthiness and is material, probative and necessary in the interest of justice." *Id.* (quotations omitted). "Accordingly, the party offering the evidence bears a heavy burden of presenting the trial court with sufficient indicia of trustworthiness to trigger application of [the rule]." *United States v. Trujillo*, 136 F.3d 1388, 1396 (10th Cir. 1998).

Defendant has not met this burden. Defendant has neither presented indicia of trustworthiness nor exceptional circumstances. Defendant has not offered any additional grounds in support of this motion for a new trial. In addition to having insufficient corroboration, the statement does not necessarily exculpate Defendant. *See United States v. Perez*, 963 F.2d 314, 316 (10th Cir. 1992) (affirming exclusion of a statement that did not necessarily exculpate the accused). The fact that another person may have owned the firearms and ammunition is not necessarily determinative of whether Defendant knowingly possessed them. The statement is neither probative nor necessary in the interest of justice. Thus, the Court reaffirms its ruling that the statement is inadmissible under Rule 807.

### C.    Ammunition Found at 1101 S. Kenlea Drive in May 2016

Defendant contends that the Court erred in admitting evidence of the ammunition found in May 2016, after police located a murder suspect named Farrel Wheeler at 1101 S. Kenlea Drive. Prior to trial, the Court decided to allow evidence that on May 1, 2016, a search warrant was issued for the residence and ammunition was found at the home. (Doc. 77.) Defendant has not offered any cogent reason why this decision should be reconsidered.

In reaching its decision, the Court noted that on May 1, 2016, Roswell Police Department Officers followed Mr. Wheeler as he drove a vehicle that officers believed belonged to Defendant. (*Id.*) Mr. Wheeler parked the vehicle near 1101 S. Kenlea Drive and fled on foot. (Doc. 77.) (*Id.*) Officers observed an AK-47 in the front seat of the vehicle. (*Id.*) Officers knew Defendant and knew he lived at the residence. (*Id.*) Officers conducted a records check and discovered that Defendant had an active arrest warrant. (*Id.*) Officers called out Defendant and Ms. Nevarez from the residence. (*Id.*) After approximately 30 minutes, Defendant and Ms. Nevarez emerged. (*Id.*)Defendant told police he had been home since approximately 9:30 p.m., Ms. Nevarez had arrived home shortly after, and there was no one else in the house. (*Id.*)

The Roswell Police Department Officers obtained a search warrant for 1101 S. Kenlea Drive. (Doc. 77.) Probable cause supported the search warrant because Defendant had an active arrest warrant, Defendant was a prior felon, and officers saw a firearm in the vehicle that they believed belonged to Defendant. (*Id.*) When officers executed the search warrant, they found thirteen .22 caliber bullets in the southwest bedroom on the floor in plain view. (*Id.*) Defendant objected to the admission of this evidence on the grounds that the evidence was improperly obtained and the Government's exhibit was not an accurate depiction of the house prior to the search. (Doc. 70.)

The Court determined that probable cause supported the search warrant, officers properly executed the search warrant, and officers properly photographed and seized the ammunition found in the bedroom. As a result, the Court allowed the admission of evidence that on May 1, 2016, a search warrant was issued for that residence and ammunition was found at the home, and that Defendant came out of the home indicating that he and Ms. Nevarez were the only two occupants of the home. The Court allowed admission of photographs of the ammunition. This

9

evidence was relevant to the issue of whether and to what extent Defendant resided there and to his defense of lack of knowledge to the crimes charged. The high probative value of this evidence substantially outweighed any danger of unfair prejudice. For these reasons, the Court properly concluded that the evidence was admissible at trial. Defendant requests reconsideration of this ruling, yet he has offered no argument in support of his request. The Court finds that there is no basis to reconsider its ruling and that the evidence was properly admitted.

IV.     **Conclusion**

The evidence was sufficient to sustain the verdict. The Court reaffirms the challenged evidentiary rulings.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Rule 29 Motion for Judgment of Acquittal or in the Alternative Motion for New Trial (Doc. 94) is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**